## PENNEBAKER v. ATWOOD. (No. 12134.)

Court of Civil Appeals of Texas. Fort Worth. April 27, 1929.

Rehearing Denied May 25, 1929.

Frank R. Graves and W. F. Kelly, both of Fort Worth, for appellant.

A. J. Power, of Fort Worth, for appellee.

DUNKLIN, J. This suit was instituted by T. S. Pennebaker in the form of trespass to try title to recover lot No. 7, block 6, Brooklyn Heights addition to the city of Fort Worth. In addition to the usual allegations of trespass to try title, plaintiff also specially pleaded title to the property under the five-year statute of limitation. Rev. St. 1925, art. 5509. The defendant specially pleaded title to the property under the statute of ten-year limitation. Rev. St. 1925, art. 5510.

Under the trial of the case, plaintiff proved title to the property by deeds under a regular chain of title from the state. The court then submitted special issues, presenting to the jury two issues, one of which was in substance whether or not the plaintiff and Graves, through whom plaintiff claimed title, had jointly and severally held peaceable and adverse possession of the property, using and enjoying the same for five years since January 3, 1918. To that issue the jury returned a finding in the negative. The second issue submitted to the jury was in substance whether or not the defendant had held peaceable and adverse possession of the property in controversy, using and enjoying the same for a period of ten years before February 12, 1927, the date the suit was filed. The jury returned an affirmative finding upon that issue, and further found that such adverse possession by the defendant began in January 1913, and ended February 12, 1927. From that judgment the plaintiff has prosecuted this appeal.

■ No separate assignments of error were filed in the trial court, and the grounds alleged in appellant's motion for new trial in that court are embodied in appellant's brief in a reconstructed form, and in that form are relied on as his assignments of error for a reversal of the judgment of the trial court. Each of the grounds alleged in the motion for new trial is preceded by the preliminary proposition that "the court erred in overruling plaintiff's motion for a new trial on the ground that"; then follows a copy of one of the grounds assigned in the motion for new trial.

Appellee objects to a consideration of those assignments because, taken as a whole, they are not copies of the grounds urged in the motion for new trial, and he has cited many decisions in which the appellate courts of this state have refused to consider assignments when they are not in compliance with rule 32 for briefing, which requires briefs to contain "verbatim copies" of the assignments in the trial court; the grounds urged in the motion for new trial constituting assignments of error on appeal, under provisions of article 1844, Rev. St. 1925.

While a departure from a strict compliance with that rule is not to be encouraged, yet we have concluded that the appellee's objection to the assignments should be overruled, since they do contain verbatim copies of the grounds set out in the motion for new trial, following the preliminary statement referred to already, which was unnecessary and superfluous.

Only two propositions are presented by the four different assignments of error in appellant's briefs. One contention is that the finding of the jury in favor of defendant's claim of title under the ten-year statute of limitation was without any support in the evidence. The other contention is that that finding is so contrary to the overwhelming weight of the evidence as to require a reversal of the judgment.

■ After due consideration of the testimony shown in the statement of facts, we have concluded that neither of those contentions can be sustained. It would serve no useful purpose, and would unduly prolong this opinion, to discuss at length the testimony introduced to support the defendant's plea of limitation. We believe it sufficient to say that according to the testimony of the defendant he owned and occupied the lot adjoining the one in controversy, on which there was a building used by him for the conduct of his business as a merchant; that he fenced the lot in controversy in January, 1913, and has kept it under fence continuously from that date until the date of the trial; that several times he repaired and rebuilt the fence; that during all of that time he was in continuous possession of the lot, claiming the same as his own, and renting the use of it to different persons and collecting rents therefor. His testimony was corroborated in all of those matters by two or three disinterested witnesses, some of whom were persons who had rented the property and paid the rent therefor.

The jury were the exclusive judges of the credibility of the witnesses, and their verdict cannot be disturbed by this court. Accordingly, the judgment of the trial court is affirmed.